# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Paul Lewis (#M-41423), | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 15 C 50020 |
| | ) | |
| v. | ) | |
| | ) | Judge Frederick J. Kapala |
| S.A. Godinez, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

The plaintiff's motion for leave to proceed *in forma pauperis* [8] is granted. The court authorizes and orders the trust fund officer at the plaintiff's place of incarceration to deduct $5.17 from the plaintiff's account for payment to the Clerk of Court as an initial partial filing fee, and to continue making monthly deductions in accordance with this order. The clerk is directed to: (1) send a copy of this order to the trust fund officer at the Dixon Correctional Center; (2) issue summonses for service on defendants Godinez, Williams, and Enloe by the U.S. Marshal; (3) mail the plaintiff three blank USM-285 (Marshals service) forms, a Magistrate Judge Consent Form, and Instructions for Submitting Documents along with a copy of this order. The plaintiff's motion for an order to show cause for a preliminary injunction and temporary restraining order [10] is denied without prejudice for the reasons stated herein. The plaintiff's motion for service of process at government expense [5] is granted to the extent that the U.S. Marshal is appointed to serve defendants. The court advises the plaintiff that a completed USM-285 (Marshals service) form is required for each named defendant. The Marshal will not attempt service on the defendants unless and until the required forms are received. Therefore, the plaintiff must complete service forms for each defendant and return those forms to the Clerk of Court in care of the Prisoner Correspondent within 28 days of the date of this order. The plaintiff's motions for attorney representation [4, 9, 12] are denied without prejudice.

## STATEMENT

The plaintiff, an Illinois state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc *et seq*. The plaintiff claims that the defendants, officials at Dixon Correctional Center and Stateville Correctional Center, violated the plaintiff's constitutional rights by forcing him to cut his hair in violation of his Rastafarian beliefs. The plaintiff also alleges that prison officials have denied him access to religious literature and services. Finally, he contends that the only inmates forced to cut their hair are those with dreadlocks, the majority of whom are African-American and/or Rastafarian. He contends that this discrimination occurred while he was housed at Stateville Correctional Center from October 2013 to January 2014, and continues at Dixon Correctional Center, where he is now housed. The plaintiff names

as defendants S.A. Godinez, the director of the Illinois Department of Corrections, Stateville Warden Tarry Williams, and Dixon Warden Donald Enloe.

The plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $5.17. The trust fund officer at the plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from the plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the plaintiff's trust fund officer is directed to collect monthly payments from his trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and this case number. This payment obligation will follow the plaintiff wherever he may be transferred.

Under 28 U.S.C. § 1915A, the court is required to conduct a prompt threshold review of the complaint. Here, accepting the plaintiff's factual allegations as true, the court finds that the complaint articulates a colorable federal cause of action for violation of the Free Exercise Clause to the extent that he alleges that prison officials forced him to cut his hair in violation of his beliefs, denied him access to religious literature, and refused to hire a Rastafarian religious leader or provide Rastafarian services. *See Al-Alamin v. Gramley*, 926 F.2d 680, 686 (7th Cir. 1991) ("[P]rison[s] must afford all inmates a reasonable opportunity to practice their religion. In providing this opportunity, the efforts of prison administrators, when assessed in their totality, must be evenhanded. Prisons cannot discriminate against a particular religion.").

The plaintiff may also proceed at this point with an Equal Protection Claim, although such a claim may be redundant to his Free Exercise claim. To the extent that the plaintiff complains that prison officials arbitrarily discriminated against Rastafarians in favor of other inmate groups, his claim may proceed. *See Reed v. Faulkner*, 842 F.2d 960, 962 (7th Cir. 1988) (holding that the religious dimension of discrimination is governed by the First Amendment, while the Equal Protection Clause "applies to a claim arbitrariness unrelated to the character of the activity discriminated against."). To the extent that the plaintiff complains of racial discrimination, the plaintiff has alleged only that the prison's policies affect African-American inmates more than white inmates because they are more likely to wear dreadlocks. This is insufficient to state a claim of racial discrimination. *See Grayson v. Goetting*, No. 15-cv-198-NJR, 2015 U.S. Dist. LEXIS 23984, at *10–*11 (S.D. Ill. Feb. 27, 2015).

The plaintiff may proceed on his Free Exercise and Equal Protection claims against Godinez, Williams, and Enloe. *See Doyle v. Camelot Care Centers, Inc.*, 305 F.3d 603, 615 (7th Cir. 2002) (allegations that agency's senior officials were responsible for creating the policies, practices, and customs that caused the constitutional violation are sufficient to demonstrate personal involvement).

The complaint also states a claim under RLUIPA, which prohibits prisons receiving federal funds from imposing a substantial burden on an inmate's religious exercise unless prison officials can demonstrate "that imposition of the burden on that person: (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that

compelling governmental interest." 42 U.S.C. § 2000cc-1(a)(1)--(2); *see Holt v. Hobbs*, 135 S.Ct. 853, 860 (2015) (observing that RLUIPA provides "expansive protection for religious liberty.") RLUIPA allows for injunctive relief, but does not create a cause of action against state officials in their personal capacities. *Grayson v. Schuler*, 666 F.3d 450, 451 (7th Cir. 2012). Because the plaintiff is now housed at Dixon Correctional Center, he may proceed with this claim against Godinez and Warden Enloe in their official capacities. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (holding that the proper parties in a claim for injunctive relief are the supervisory government officials who are responsible for insuring that injunctive relief is carried out).

The court directs the clerk to issue summonses for service of the complaint on defendants Godinez, Williams, and Enloe. The United States Marshals Service is appointed to serve the defendants. The court advises the plaintiff that a completed USM-285 (Marshals service) form is required for each named defendant. The Marshal will not attempt service on the defendants unless and until the required forms are received. Therefore, the plaintiff must complete service forms for each defendant and return those forms to the Clerk of Court in care of the Prisoner Correspondent within 28 days of the date of this order.

The U.S. Marshal is directed to make all reasonable efforts to serve the defendants. With respect to former correctional employees who no longer can be found at the work address provided by the plaintiff, the Illinois Department of Corrections shall furnish the Marshal with the defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to send a request for waiver of service to the defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

The plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. The plaintiff must send an exact copy of any court filing to the defendants [or to defense counsel, once an attorney has entered an appearance on behalf of the defendants]. Every document filed with the court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to the plaintiff.

The plaintiff has filed a motion labeled "Order to Show Cause for An Preliminary Injunction And a Temporary Restraining Order." The court interprets this as a request for a temporary restraining order or preliminary injunction barring defendants from forcing him to cut his hair. The U.S. Supreme Court has emphasized that a preliminary injunction is an "extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Christian Legal Society v. Walker*, 453 F.3d 853, 870 (7th Cir. 2006) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)). The plaintiff's request for immediate injunctive relief does not address the relevant factors necessary to obtain such relief. *See* Fed. R. Civ. P. 65(b) (a TRO may issue "only if [ ] it clearly appears from the specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney

3

can be heard in opposition"); *see also Ty, Inc. v. Jones Group, Inc.*, 237 F.3d 891, 895 (7th Cir. 2001) (a preliminary injunction is warranted only if a party shows: (1) his case has some likelihood of success on the merits; (2) no adequate remedy at law exists; and (3) he will suffer irreparable harm if an injunction is not granted). Accordingly, the motion is denied without prejudice.

Finally, the plaintiff's motions for attorney representation are denied without prejudice. There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant. *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013).

When a *pro se* litigant submits a request for assistance of counsel, the court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc)). If so, the court must examine "whether the difficulty of the case--factually and legally--exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (quoting *Pruitt*, 503 F.3d at 655). "The question is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655. The court also considers such factors as the plaintiff's "literacy, communication skills, education level, and litigation experience." *Id*.

After considering the above factors, the court concludes that the solicitation of counsel is not warranted in this case at this time. Although the plaintiff states that he has made some unsuccessful attempts to obtain counsel, and has provided documentation of this, he has alleged no physical or mental disability that might preclude him from adequately investigating the facts giving rise to this lawsuit. The plaintiff, whose submissions to date have been coherent and articulate, appears more than capable of litigating this matter. It should additionally be noted that the court grants *pro se* litigants wide latitude in the handling of their lawsuits. Therefore, the plaintiff's motion for attorney representation is denied at this time. Should the case proceed to a point that assistance of counsel is appropriate, the court may revisit this request.


Date:  March 20, 2015